UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRAMAINE COLLIN KINNEY,
FDOC Inmate No. E39147,
    Plaintiff,

vs.                         Case No.:  3:25cv906/LC/ZCB

ROBERT FLORES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC).  He filed this *pro se* lawsuit against three FDOC officials.  (Doc. 1).  Plaintiff has not paid the filing fee, but he has filed a motion to proceed *in forma pauperis* (IFP).  (Doc. 2).  Upon review of Plaintiff's litigation history, this case should be dismissed without prejudice because Plaintiff is a three-striker barred from proceeding IFP.  As such, he was required to pay the filing fee upon initiating this suit.  But he failed to do so.

## I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while

incarcerated . . ., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating

that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database and the Court's Case Management/Electronic Case Filing (CM/ECF) system.[1] That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions or appeals in federal courts that were dismissed on one of the grounds enumerated in § 1915(g).[2] More specifically:

- *Kinney v. Bradford County Sheriffs Department*, 3:25cv303/WWB/PDB (M.D. Fla. March 28, 2025) (dismissing under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to state a claim);

- *Kinney v. Advent Health Hospital*, 3:25cv304/WWB/PDB (M.D. Fla. April 7, 2025) (dismissing under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to state a claim);

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] Plaintiff identified himself with FDOC inmate #E39147 in these cases.

- *Kinney v. Reckenseidler*, 3:24cv314/MCR/ZCB (N.D. Fla. Dec. 31, 2024) (dismissing under 28 U.S.C. § 1915A as an impermissible shotgun pleading);

- *Kinney v. Biden*, 3:24cv367/LC/HTC (N.D. Fla. Feb. 7, 2025) (dismissing under 28 U.S.C. § 1915(e)(2)(B) as malicious and an abuse of the judicial process for failure to truthfully disclose his litigation history and for failure to state a claim).[3]

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. The only remaining question is whether Plaintiff's factual allegations support a finding that he is "under imminent danger of serious physical injury" as required for the exception

---

[3] In *Kinney v. Biden*, the Court stated that dismissal would also be appropriate for Plaintiff's failure to comply with orders. But "[t]he inclusion of an alternative, independent basis for dismissal does not affect the determination that these dismissals count as strikes." *Mailroom SRCI*, 2025 WL 1186887, at *1 n.3; *see also Talley v. Pillai*, 116 F.4th 200, 211 (3d Cir. 2024) ("Because the Court explicitly relied upon a strike-qualifying basis to dismiss the entire action (and every claim therein), [the case] counts as a strike."); *Griffin v. Carnes*, 72 F.4th 16, 19 (2d Cir. 2023) ("We agree with the Ninth Circuit's approach that a dismissal on alternative grounds constitutes a strike where one of the grounds for dismissal would independently justify a strike and was 'a fully sufficient condition' for dismissal of all claims.") (citing *O'Neal v. Price*, 531 F.3d 1146, 1155-56 (9th Cir. 2008)).

in § 1915(g) to apply.  The answer to that question is no.  Here are the reasons why.

The § 1915(g) exception requires the complaint to allege imminent danger of serious physical injury.  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  The exception requires "specific, credible allegations of imminent-danger of serious physical harm."  *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up), *adopted by* 2021 WL 3132724 (N.D. Fla. Jully 24, 2021).  A complaint must include "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Here, Plaintiff alleges that he is in imminent danger of physical injury because "of threats of assassinating [him] by putting poison in [his] food and killing [him]."  (Doc. 1-1 at 4).[4]  Plaintiff's general allegation of

---

[4] Plaintiff also alleges that he is "under the watch of a Terrorist who claims to be a governmental spiritualist who communicates with [Plaintiff] through mental voice telepathy everyday, punishes [him] everyday with persistent attacks and criticism and Electromagnetic technology."  (Doc. 1 at 6).  To the extent Plaintiff intends these allegations to support a claim that he is under imminent danger of

5

threatened physical abuse does not amount to "specific factual allegations" of imminent future harm. *See Sutton v. Dist. Atty's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (explaining that general allegations of threatened physical abuse do not amount to specific fact allegations of imminent future harm). For example, Plaintiff does not identify any specific individual or group that is attempting to kill him, any specific threats made to him, or any previous attempts of physical harm that would suggest future harm is imminent. For these reasons, Plaintiff's allegations fall short of satisfying the high bar of the imminent danger exception to the three-strikes bar.

## II.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2.    This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker who failed to pay the filing fee when he commenced this case.

---

physical injury, they fall woefully short. The allegations are fantastical, delusional, and incredible.

3.    All pending motions be **DENIED as moot**.

4.    The Clerk of Court be directed to close this case.

At Pensacola, Florida this 10th day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.